# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD JEFFERSON, | |
|    Petitioner, | |
| v. | Civil Action No.: PX-21-1612 |
| DAMILARE ADISA,<br>  *Facility Administrator*, | |
|    Respondent. | |

## MEMORANDUM OPINION

Edward Jefferson has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the validity of the Maryland Parole Commission's decision to deny him parole from his state prison sentence. ECF No. 1. Respondent Damilare Adisa moves to dismiss the Petition, and Jefferson has responded. ECF Nos. 5, 8. The Court has reviewed the pleadings and finds no need for a hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition shall be denied and a certificate of appealability shall not issue.

**I.     Background**

On November 7, 2017, Jefferson was convicted after a jury trial in the Circuit Court for Baltimore County of second-degree assault and unlawful possession of a firearm. He was sentenced to seven years' imprisonment for the assault offense and five years' imprisonment for the firearm charge, consecutively imposed, for a total prison term of 12 years.[1] ECF No. 5-6. The

---

[1] Jefferson was previously found guilty of second-degree murder and a handgun violation in 1989. ECF No. 6-1 at 3. He was released on mandatory supervision on June 26, 2013. *Id*. at 7. His supervision was "closed by expiration on July 16, 2015."

underlying facts of the offense concern Jefferson having encountered two women while driving. Jefferson and the women exchanged words, and he ultimately struck one woman in her face with his fist and the other with a gun. *Id.*

Jefferson has a mandatory release date of October 18, 2024. ECF No. 5-8. On April 1, 2020, Jefferson was considered for, and denied, parole. ECF No. 5-10. As grounds for the denial, the Parole Commissioner noted the degree of violence in the underlying offense – that Jefferson had "pistol whipped" the victim.[2] The Commissioner also pointed to Jefferson's prior conviction for second-degree murder as grounds to refuse him parole. ECF No. 1 at 9.

Jefferson appealed the decision to the Maryland Parole Commission ("MPC"). ECF No. 5-7. The MPC affirmed the Parole Commissioner's recommendation to deny parole, echoing that Jefferson's "present assault conviction and firearm conviction demonstrate a public safety risk if released early." ECF No. 5-11 at 1.

On March 29, 2021, Jefferson filed a petition for writ of habeas corpus in the state Circuit Court, arguing that the Commissioner denied Jefferson parole based on "false information" and dated criminal history. ECF No. 5-3 at 3-6. Jefferson also argued that the Maryland Parole Commission erred in failing to consider the factors enumerated in the Maryland Code governing parole, and that he should separately be considered for administrative release. *See* Md. Code Ann., Corr. Servs. §§ 7-301.1, 703.5; ECF No. 5-3 at 6-8.

Respondent urged the state court to deny relief, arguing that Jefferson's prior conviction for a crime of violence rendered him ineligible for administrative release and likewise supports denying his parole. ECF No. 5-5 at 4, ¶ 7. Relatedly, the respondent pressed that Jefferson does not have a constitutional right to parole, and that the MPC properly applied Maryland state law

---

[2] Jefferson disagrees with this characterization. *See* ECF No. 1 at 9.

2

(Md. Code Ann., Corr. Servs. § 7-305) in its consideration of his appeal. *Id*. at 4-7.  On May 19, 2021, the Circuit Court dismissed the petition, adopting the respondent's arguments.  ECF No. 5-12.

Jefferson next filed his Petition in this Court, contending that the refusal of parole violates Maryland's Justice Reinvestment Act and his due process rights pursuant to the Fourteenth Amendment to the United States Constitution.  ECF No. 1 at 7.  Additionally, Jefferson avers that the state court violated his due process rights in denying his habeas petition without allowing him to file a reply.  *Id*. at 8.  Respondent urges this Court to dismiss the federal Petition because Jefferson has failed to articulate a cognizable basis for federal habeas relief.  ECF No. 5.

## II.    Analysis

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Federal habeas relief is not a vehicle for federal courts to review non-constitutional decisions involving application of state law.  *Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law); *Spencer v. Murray*, 18 F.3d 267 239-40 (4th Cir. 1995) (alleged error concerning admissibility of evidence, without more, failed to state a claim).

Jefferson challenges his denial of parole as a violation of both due process and applicable state law.  As to the claimed constitutional violation, the Court sees none because no protected liberty interest lies in the expectation of parole.  *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 20 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest).  "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they

cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Thus, Mr. Jefferson's contention that denying his parole, whether administrative or otherwise, violated his Fourteenth Amendment right to due process is without merit.[3]

Moreover, to the extent the Petition challenges decisions that were allegedly inconsistent with Maryland state law, these claims are not cognizable. A federal habeas corpus petition reaches only violations of the Constitution and federal law, not matters solely of state law. Accordingly, the claims are not actionable and must be denied.

## III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted).

Jefferson has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Jefferson may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the Petition is denied. A separate Order follows.

---

[3] The Court similarly views Jefferson's challenge to the state habeas court's decision-making process as meritless. Jefferson maintains no due process right to file a reply, and the record demonstrates that he was otherwise afforded ample opportunity to be heard. ECF Nos. 5-3, 5-13.

4

| | |
|---|---|
|       12/2/21 |       /S/ |
| Date | Paula Xinis<br>United States District Judge |